Charles H. Colbourn, d. b. a., Employer, *vs.* Mary E. Nichols, Widow of Rennie E. Nichols, deceased, dependent of Rennie E. Nichols, deceased, p. b. a., claimant.

1. Master and Servant—Teamster Employing More Than Five Within Compensation Act Though All Servants did not Act in Conjunction.

A teamster employing more than five persons in his business comes within. the Workmen's Compensation Act, providing in section 141 that it shall not apply to employers or employes in any employment in which less than five persons are employed, notwithstanding all of the teamster's employes were not working at the same job but worked on various different jobs.

2. Master and Servant—Employe of Teamster Riding on Elevator in Getting Load was Within His Service.

Where the driver of a truck and deceased, both employes of a teamster who was engaged in general hauling business, went to haul goods packed in boxes for delivery to a railroad station, and after they had loaded those on the platform entered a building and used the elevator to move goods from above, deceased, who was riding on the elevator when killed, was within the teamster's service under Workmen's Compensation Act.

3. Master and Servant—Employe of Teamster Riding on Freight Elevator Held not to Have Shown Deliberate Indifference.

An employe of a teamster who was riding on boxes piled on a freight elevator which were to be transported cannot, where the elevator was safe and had the boxes been properly loaded he would not have been injured, be deemed to have shown a deliberate and reckless indifference to danger which would bar recovery under the Workmen's Compensation Act.

(*March* 20, 1920.)

Conrad and Heisel, J. J., sitting.

*Daniel O. Hastings* for appellant.

*Horace G. Eastburn* for appellee.

Superior Court for New Castle County, March Term, 1920.

Appeal No. 133, May Term, 1919.

Proceedings under the Workmen's Compensation Act (29 *Del. Laws, c.* 233) before the Industrial Accident Board, by Mary E. Nichols, widow, to obtain compensation for the death of Rennie E. Nichols, her husband, against Charles H. Colbourn, employer of Rennie E. Nichols at the time of his death. The board awarded compensation to the claimant. The employer appeals. Award sustained.

The employer was in the general hauling business, and at the time of the accident, he had in his employment not less than seven men. One of these, the driver of a truck, and Nichols, the deceased, went to the building of Topkis Brothers, at Third and French streets, in the city of Wilmington to get goods packed in boxes for delivery to the railroad station. On reaching the building of Topkis Brothers., the goods, which were down on the platform at the building were loaded on the truck, and then Nichols went up on the elevator with the operator to the top floor of the building and assisted in loading boxes on the elevator, and when it was loaded, he got on the boxes in the elevator, which on its way down soon suddenly stopped between floors. Nichols was found dead between the boxes and the top of the elevator.

Under the statute and rule of court, the appeal was heard by the Superior Court for New Castle County, on the record of the proceedings before the Industrial Accident Board.

The ground of the appeal was that Rennie E. Nichols, the deceased husband of the claimant, was not killed in the line of his duty or the performance of any act incidental thereto, and that the employer is not bound by the provisions of the Delaware Workmen's Compensation Act. The Industrial Accident Board awarded to the claimant reasonable burial expenses, not exceeding one hundred dollars, and the sum of three dollars and seventy-five cents per week, beginning March 19, 1918, until modified or terminated under the provisions of "The Delaware Workmen's Compensation Law of 1917."

Section 141 of said act (Code, § 3193vv), 29 Del. Laws, 790, provides:

"This article shall not apply to farm laborers, domestic servants, officers, and servants of the State, or any governmental agency created by it, nor to their respective employers; nor to the employers or employes in any employment in which less than five persons are employed."

At the hearing in the appeal, the first question raised in behalf of the employer was:

"Doesn't the Act * * * apply only to employers who employ more than five persons in one employment and located at one place?"

And the contention was made that where an employer is engaged in general hauling and has two men on each truck ·or wagon, as shown by the testimony in this case, each truck or wagon with its crew constitutes separate and distinct employ-- ments. It was further urged that the evidence shows that the husband of the claimant was not, at the time he was killed, en-gaged "in or about his employer's business where his services required his presence as a part of such services at the time of the injury," and that if the claimant is entitled to compensation it is because her husband was at the time of the injury "engaged elsewhere in or about his employer's business where his services require his presence as a part of such service at the time," etc. *Section* 138a (*Code*, § 3193ss), 29 *Del. Laws*, 789.

It was insisted that there was no evidence that the em-ployer instructed his men to go to the top floor of the building in which the accident occurred to bring down goods on an elevator and that the most that can be said for the claimant is that the employes did sometimes do so with the knowledge and consent of the employer. It was further claimed that the death of the claimant's husband was the result of "his deliberate and reckless indifference to danger" within the purview of *section* 129 (*Code*, § 3193jj), 29 *Del. Laws*, 786.

For the claimant it was urged that the act applies to any employment in which five or more persons are employed, working for the employer in the particular employment, whether on the same job or on different jobs. That it is the general employment, and not the subdivisions thereof, which is contemplated by the Statute.

That while the evidence was conflicting on the point that the deceased was not engaged in the service of his employer when he was killed, yet, there was enough to warrant the finding of the board, and especially so in view of the evidence tending to show that the employer knew and consented that the deceased at times helped to bring the goods from the building to the plat-form.

That it seems obvious that the deceased did not manifest at the time of the accident, a "deliberate and reckless indifference

to danger"; for the elevator was in good condition, and a person could have safely come down on top of the boxes, if properly loaded, and there is nothing to indicate, much less show, that the deceased was aware that the boxes had not been properly loaded on the elevator.

CONRAD, J., delivering the opinion of the Court:

[1] The Court finds no error in the first contention made by appellant's counsel, viz., that there were less than five persons engaged in the same employment at the time of the accident. The appellant was a teamster and by the evidence it clearly appears that he had more than five persons in his employ, although all of his employes were not at the time of the accident working at the same job. The Statute contemplates a general employment, and not the subdivisions thereof.

[2] The Court is satisfied that the deceased at the time of the accident was clearly engaged in the service of his employer. Sufficient evidence appears in the case to have warranted the Board in finding that the deceased was killed when engaged in a work in a way and at a place that had been suggested by his employer. So in that the finding to that effect is approved.

[3] The evidence shows that the death of the deceased resulted from the improper or unskillful loading of the boxes on the elevator, but the deceased when he took a place on top of the boxes was seemingly unaware of that fact, and did not by so doing show "a deliberate and reckless indifference to danger." The elevator seems to have been in good order and if the boxes had been properly loaded, was not dangerous and a person could with safety have ridden on top of them.

The finding of the board is affirmed.